Jahan C. Sagafi   (Cal. Bar No. 224887)
Molly J. Frandsen (Cal. Bar No. 320094)
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile:  (415) 638-8810
E-Mail: jsagafi@outtengolden.com
E-mail: mfrandsen@outtengolden.com

Melissa L. Stewart (*pro hac vice* motion forthcoming)
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile:  (646) 509-2060
E-mail: mstewart@outtengolden.com

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| PAULINA CEBALLOS, Individually and On Behalf of All Others Similarly Situated, | Case No.  **20-cv-00657** |
|---|---|
| Plaintiff, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| v. | |
| MELTWATER NEWS US, INC. and MELTWATER NEWS US 1, INC., | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff Paulina Ceballos ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorneys Outten & Golden LLP, complaining of the conduct of Defendants Meltwater News US, Inc. and Meltwater News US 1, Inc. (collectively, "Defendants" or "Meltwater"), alleges as follows:

## PRELIMINARY STATEMENT

1.      This lawsuit seeks to recover unpaid overtime compensation and other damages for Plaintiff and similarly situated co-workers who have worked as inside salespeople in California on Meltwater's Client Success and Client Acquisition teams, in the job titles of Sales Development Representatives, Business Development Representatives, Sales Consultants, Client Acquisition Consultants, Client Success Representatives, and Client Success Consultants (collectively, "Sales Representatives").

2.      Meltwater is a digital media intelligence company with approximately 14 offices, including four office locations in California.

3.      Defendants sell media intelligence products to business clients nationwide.   Defendants employ Sales Representatives, such as Plaintiff, to make sales to current and prospective clients.

4.      Defendants require their Sales Representatives to meet daunting productivity requirements, including monthly sales quotas and weekly or daily requirements for metrics such as the number of product demonstration meetings booked, prospecting leads developed, or phone "dials" made, forcing Plaintiff and similarly situated employees to work long hours, often in excess of 8 hours per workday and 40 hours per workweek in order to complete required tasks.

5.      While employed by Defendants, Plaintiff consistently worked more than 8 hours per day and more than 40 hours per workweek without receiving overtime compensation for all the hours she worked.   Throughout the relevant period, it was Defendants' policy to deprive Plaintiff of her earned overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the California Labor Code ("Cal. Lab. Code") and applicable Wage Orders and regulations, and the California Unfair Business Practices Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (collectively, the "California Wage Laws").

CLASS AND COLLECTIVE ACTION COMPLAINT

6.      In order to avoid paying Plaintiff overtime compensation for all of the overtime hours Plaintiff worked, Defendants instituted a policy or practice prohibiting Sales Representatives from reporting their actual overtime hours per week and required its Sales Representatives to work "off-the-clock."

7.      Defendants required Sales Representatives to log into a software program to submit their time at the end of each week, or the Sales Representatives' Managers filled out the timesheets for them. However, Sales Representatives were not permitted to log all of their overtime hours worked per workweek.

8.      Outside of their scheduled hours, in the mornings, evenings, and on weekends, Sales Representatives typically worked "off-the-clock" for Defendants throughout the week by prospecting for new clients, corresponding with clients or prospective clients, and corresponding with supervisors via telephone and email.  Sales Representatives were required to complete these tasks after hours in order to meet their quotas and avoid discipline.

9.      Defendants were aware of Sales Representatives' "off-the-clock" work because Defendants' supervisors observed Sales Representatives working more than 8 hours in a day or 40 hours a week in the office, corresponded with Sales Representatives via email and cell phone when Sales Representatives were working outside of the office after scheduled work hours, and required Sales Representatives to prospect and find new potential clients in the evenings or over the weekend.

10.     Plaintiff brings this action on behalf of herself and all similarly situated current and former Sales Representatives of Defendants in California pursuant to the FLSA.

11.     Plaintiff seeks permission to give notice of this action pursuant to 29 U.S.C. § 216(b) to all persons who are presently or have at any time during the three years immediately preceding the filing of this action, worked for Defendants as Sales Representatives in California.

12.     Plaintiff also brings this action to recover unpaid overtime compensation and other damages for herself and similarly situated current and former employees who worked for Defendants in California as a Fed. R. Civ. P. 23 class action under the California Wage Laws.

13.     Plaintiff has provided written notice to the California Labor and Workforce Development Agency ("LWDA") of the legal claims and theories of this case pursuant to Cal Lab. Code § 2699.3.  In

3

CLASS AND COLLECTIVE ACTION COMPLAINT

accordance with Cal. Lab. Code § 2699.3(a)(2)(A), Plaintiff will amend this Class and Collective Action Complaint to assert claims pursuant to California's Private Attorneys General Act, Cal. Labor Code §§ 2698 *et seq*. on behalf of herself and other current and former employees as well as the general public to recover for violations of the California Labor Code.

## JURISDICTION & VENUE

14.    This Court has federal question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

15.    This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the state law claims and the federal claims are so closely related that they form part of the same case or controversy under Article III of the United States Constitution.

16.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

17.    Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are headquartered in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

18.    Intradistrict assignment:  Pursuant to N.D. Cal. Local Rule 3-2(c) and (d), intradistrict assignment to the San Francisco and Oakland Divisions is proper because Defendants are headquartered in San Francisco County and a substantial part of the events that give rise to the claims asserted occurred in San Francisco County.

## THE PARTIES

*Plaintiff Paulina Ceballos*

19.    Plaintiff is a resident of San Diego County, California.

20.    Plaintiff was employed by Defendants in Defendants' Santa Monica, California office as a Sales Development Representative in February 2019 and as a Business Development Representative from March 2019 to May 2019.  Plaintiff was employed by Defendants in Defendants' San Diego, California office from May 2019 to July 2019 as a Sales Development Representative.

CLASS AND COLLECTIVE ACTION COMPLAINT

21.     At all times relevant to the Class and Collective Action Complaint, Plaintiff was an "employee" within the meaning of all applicable statutes.

22.     Plaintiff regularly worked more than 40 hours in a workweek, but was not paid for all hours she worked over 40.  For example, to the best of her recollection, during the last week of June 2019, Plaintiff worked approximately 15 overtime hours "off-the-clock" and without compensation.

23.     A written consent form signed by Plaintiff is attached hereto as **Exhibit A**.

***Defendants***

Defendant Meltwater News US, Inc.

24.     Upon information and belief, Defendant Meltwater News US, Inc. is a corporation formed under the laws of the State of Delaware with a principal place of business in San Francisco, California.

25.     Upon information and belief, Defendant Meltwater News US, Inc. has maintained control, oversight, and direction over its operations and employment practices.

26.     At all times hereinafter mentioned, Defendant Meltwater News US, Inc. was Plaintiff's "employer" within the meaning of all applicable statutes.

27.     At all relevant times, Defendant Meltwater News US, Inc. maintained control, oversight, and direction over Plaintiff and other Sales Representatives, including timekeeping, payroll, and other employment practices that applied to them.

28.     Defendant Meltwater News US, Inc. has applied the same employment policies, practices, and procedures to all Sales Representatives nationwide, including policies, practices, and procedures with respect to payment of overtime compensation.

29.     Defendant Meltwater News US, Inc.'s annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

Defendant Meltwater News US 1, Inc.

30.     Upon information and belief, Defendant Meltwater News US 1, Inc. is a corporation formed under the laws of the State of Delaware with a principal place of business in San Francisco, California.

31.     Upon information and belief, Defendant Meltwater News US 1, Inc. has maintained control, oversight, and direction over its operations and employment practices.

5

32.    At all times hereinafter mentioned, Defendant Meltwater News US 1, Inc. was Plaintiff's "employer" within the meaning of all applicable statutes.

33.    At all relevant times, Defendant Meltwater News US 1, Inc. maintained control, oversight, and direction over Plaintiff and other Sales Representatives, including timekeeping, payroll and other employment practices that applied to them.

34.    Defendant Meltwater News US 1, Inc. has applied the same employment policies, practices, and procedures to all Sales Representatives nationwide, including policies, practices, and procedures with respect to payment of overtime compensation.

35.    Upon information and belief, Defendant Meltwater News US 1, Inc.'s annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FLSA COLLECTIVE ACTION CLAIMS

36.    Plaintiff brings the First Cause of Action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of herself and all similarly situated persons who work or have worked for Defendants as a Sales Representative in California within the last three years and who elect to opt-in to this action.

37.    Upon information and belief, there are hundreds of current and former Sales Representatives who are similarly situated to Plaintiff and were denied overtime compensation.

38.    Plaintiff is acting on behalf of Defendants' current and former Sales Representatives' interests as well as her own interests in bringing this action.

39.    Defendants unlawfully required Plaintiff and all individuals employed as Sales Representatives to work in excess of 40 hours per week without paying them overtime compensation at a rate of at least one and one-half times their regular hourly rate for all overtime hours worked.

40.    Plaintiff seeks to proceed as a collective action with regard to the First Cause of Action pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following group of persons:

> All Sales Representatives who are currently or have been employed by the Defendants in California at any time during the three years prior to the filing of their respective consent forms (hereinafter referred to as the "FLSA Collective" and the "Collective Period," respectively).

CLASS AND COLLECTIVE ACTION COMPLAINT

41.     Defendants were aware or should have been aware that the law required them to pay non-exempt employees, including Plaintiff and the FLSA Collective, an overtime premium of one and one-half times their regular rate of pay for all work-hours Defendants suffered or permitted them to work in excess of 40 per workweek.  Upon information and belief, Defendants applied the same unlawful policies and practices to its Sales Representatives in California.

42.     The FLSA Collective members are readily identifiable and locatable through the use of the Defendants' records.  The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

## CALIFORNIA CLASS ALLEGATIONS

43.     Plaintiff brings the Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action on her own behalf and as a class action, pursuant to Fed R. Civ. P. 23(a) and (b), on behalf of the following class of persons:

> All Sales Representatives who are currently or have been employed by the Defendants in the State of California at any time during the four years prior to the filing of this Class and Collective Action Complaint through the entry of judgment in this case (hereinafter referred to as the "California Class" and the "California Class Period," respectively).

44.     Excluded from the California Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the California Class.

45.     The persons in the California Class are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

46.     Upon information and belief, the size of the California Class is at least 100 individuals.

CLASS AND COLLECTIVE ACTION COMPLAINT

47.    The Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action are properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3).  There are questions of law and fact common to the California Class that predominate over any questions solely affecting individual members of the California Class, including but not limited to:

      a.    Whether the Defendants have unlawfully failed to pay the California Class members all overtime compensation owed, in violation of the California Labor Code and related regulations, Cal. Lab. Code §§ 226, 510, 1174, 1174.5, and 1194; Cal. Wage Order Nos. 4-2001 and 7-2001; and the California Unfair Competition Law, Cal. Bus & Prof. Code §§ 17200, *et seq.*;

      b.    Whether the Defendants have unlawfully failed to keep and furnish the California Class members with timely, accurate, and itemized records of hours worked in violation of Cal. Labor Code §§ 226 and 1174;

      c.    Whether the Defendants have unlawfully failed to timely pay wages due during employment and upon separation in violation of Cal. Labor Code §§ 201, 202, 203, and 204;

      d.    Whether the Defendants have unlawfully failed to furnish the California Class members with proper meal breaks, in violation of the California Labor Code and related regulations, Cal. Lab. Code §§ 226.7, 512 and applicable wage orders;

      e.    Whether the Defendants have failed to reimburse the California Class members for reasonable and necessary business expenses in violation of Cal. Labor Code § 2802; and

      f.    the nature and extent of the California Class members' injuries and the appropriate measure of their damages.

48.    Plaintiff fairly and adequately protects the interests of the California Class and has no interests antagonistic to the class.  Plaintiff is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

49.    A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where an individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against the corporate Defendants.

CLASS AND COLLECTIVE ACTION COMPLAINT

The damages sustained by individual class members are small compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

50.    Further, Plaintiff and the California Class have been equally affected by the Defendants' failure to pay proper wages and other violations. Moreover, members of the California Class still employed by the Defendants may be reluctant to raise individual claims for fear of retaliation.

51.    Defendants have acted or refused to act on grounds generally applicable to the California Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

52.    Plaintiff's claims are typical of those of the California Class. Plaintiff and the other California Class members were subjected to the Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay proper wages and the failure to keep adequate records. Plaintiff's claims are typical of those of the other class members.

53.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants. The members of the California Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the California Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## COMMON FACTUAL ALLEGATIONS

54.    Plaintiff and the members of the FLSA Collective and the California Class (collectively, "Class Members") have been victims of Defendants' common policy and plan that has violated their rights under the FLSA and California Wage Laws by requiring Sales Representatives to work in excess of 40 hours per week and in excess of 8 hours per day, and denying them overtime compensation for all overtime hours worked. At all times relevant, Defendants' unlawful policy and pattern or practice has been willful.

CLASS AND COLLECTIVE ACTION COMPLAINT

55.    Upon information and belief, Defendants have a policy and pattern or practice to prohibit Plaintiff and Class Members from recording their actual overtime hours worked per week.

56.    All of the work performed by Class Members was assigned by Defendants and/or Defendants were aware of the "off-the-clock" work that Plaintiff and Class Members performed.

57.    Upon information and belief, Defendants have had a policy and pattern or practice to require Plaintiff and Class Members to work in excess of 8 hours per workday, or 40 hours per week, and requiring Plaintiff and Class Members to perform additional work on weekends, without proper overtime compensation.

58.    Defendants failed to pay Plaintiffs and Class Members time and one-half for all hours worked over 40 in a workweek in violation of the FLSA.

59.    Defendants failed to pay Plaintiff and California Class members overtime compensation for all of their overtime hours worked, including for any of the overtime hours they worked over 8 in a workday and over 40 in a workweek.

60.    Defendants failed to furnish Plaintiff and the California Class members with an accurate itemized statement showing, *inter alia*, wages, hours worked, and rates paid as required by the California Wage Laws.

61.    Defendants failed to timely pay Plaintiff and the California Class Members all wages earned and unpaid at the time of separation from employment.

62.    Plaintiff and all California Class members who ceased employment with Defendants are entitled to unpaid compensation, but to date have not received such compensation.

63.    Defendants failed to timely pay Plaintiff and the California Class Members all wages due and payable twice during each calendar month, on days designated in advance by the employer as regular pay days.

64.    Defendants failed to provide Plaintiff and California Class members with at least a half-hour meal break in which they were relieved of all duty, and, for shifts of more than ten-hour shifts, a second half-hour meal break in which they were relieved of all duty, as required by the California Wage Laws.

CLASS AND COLLECTIVE ACTION COMPLAINT

65.    Defendants also required Plaintiff and California Class members to use their personal cell phone for business purposes and did not reimburse them for a reasonable percentage of their cell phone bills.

66.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violates the FLSA and California Wage Laws.

67.    Defendants' policy and pattern or practice includes but is not limited to:

    a.    willfully failing to record all of the time that its employees, including Plaintiff and Class Members, worked for the benefit of Defendants;

    b.    willfully failing to keep payroll records as required by the FLSA and California Wage Laws;

    c.    willfully requiring Plaintiff and Class Members to work "off-the-clock;" and

    d.    willfully failing to pay its employees, including Plaintiff and Class Members, overtime wages for all of the overtime hours that they worked.

68.    Defendants were or should have been aware that the FLSA required them to pay their Sales Representatives overtime compensation for all hours worked in excess of 40 per week.

69.    Defendants' failure to pay Plaintiff and Class Members overtime wages for their work in excess of 40 hours per week was willful, intentional, and in bad faith.

70.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

**FIRST CAUSE OF ACTION**
**FLSA – Overtime Wages**
**29 U.S.C. §§ 201, *et seq.***
**(Brought by Plaintiff Individually and on Behalf of the FLSA Collective)**

71.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

72.    Plaintiff and members of the FLSA Collective are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

73.    Defendants employed Plaintiff and members of the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate Plaintiffs for all of the time worked in excess of 40 hours

11

per week, at a rate of at least one and one-half times their regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

74.    Plaintiff has expressed her consent to make these claims against the Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

75.    Defendants failed to make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiff and the FLSA Collective.

76.    Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

77.    As a consequence of the willful underpayment of wages, alleged above, Plaintiff and members of the FLSA Collective have incurred damages thereby and the Defendants are indebted to them in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### California Wage Laws – Overtime Wages
### California Wage Order Nos. 4-2001 & 7-2001; Cal. Lab. Code §§ 510, 1194
### (Brought by Plaintiff Individually and on Behalf of the California Class)

78.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

79.    California law requires employers, such as Defendants, to pay overtime compensation to all non-exempt employees for all hours worked over 40 per workweek and over 8 per day.

80.    Plaintiff and the California Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

81.    At all relevant times, Plaintiff and the California Class members worked in excess of 40 hours in a workweek and 8 hours in a workday.

82.    At all relevant times, Defendants failed and refused to pay Plaintiff and the California Class members overtime compensation for all of their overtime hours worked.

83.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the California Class members have sustained damages, including loss of

CLASS AND COLLECTIVE ACTION COMPLAINT

earnings for hours of overtime worked for the benefit of Defendants in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

**THIRD CAUSE OF ACTION**
**California Wage Laws – Record-Keeping Violations**
**California Wage Order Nos. 4-2001 & 7-2001; Cal. Lab. Code §§ 226, 1174, & 1174.5**
**(Brought by Plaintiff Individually and on Behalf of the California Class)**

84.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

85.    Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, all hours worked, to Plaintiff and the California Class members in accordance with California Wage Order Nos. 4-2001 and 7-2001 and California Labor Code § 226(a).  Such failure caused injury to Plaintiff and the California Class members, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled.  At all times relevant herein, Defendants have failed to maintain accurate records of hours worked by Plaintiff and the California Class members as required under Labor Code § 1174(d).

86.    Plaintiff and the California Class members are entitled to and seek injunctive relief requiring Defendants to comply with California Labor Code §§ 226(a) and 1174(d), and further seek the amount provided under California Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

**FOURTH CAUSE OF ACTION**
**California Wage Laws – Wage Payment Provisions**
**Cal. Lab. Code §§ 201, 202, & 203**
**(Brought by Plaintiff Individually and on Behalf of the California Class)**

87.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

88.    California Labor Code §§ 201 and 202 require Defendants to pay their employees

CLASS AND COLLECTIVE ACTION COMPLAINT

all wages due upon termination within the time specified by law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty (30) days of wages.

89.    Plaintiff and all California Class members who ceased employment with Defendants are entitled to unpaid compensation, but to date have not received such compensation.

90.    More than thirty (30) days have passed since Plaintiff and certain California Class members left Defendants' employ.

91.    Plaintiff, on behalf of herself and the California Class members, seeks waiting time penalties pursuant to California Labor Code § 203, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

**FIFTH CAUSE OF ACTION**
**California Wage Laws – Meal Period Provisions**
**Cal. Wage Order Nos. 4-2001 & 7-2001; Cal. Labor Code §§ 218.5, 226.7, & 512**
**(Brought by Plaintiff Individually and on Behalf of the California Class)**

92.    Plaintiff realleges and incorporates by reference the preceding paragraphs as if they were set forth again herein.

93.    Plaintiff and the California Class members regularly work and have worked in excess of five-hour shifts without being afforded at least a half-hour meal break in which they were relieved of all duty, and more than ten-hour shifts without being afforded a second half-hour meal break in which they were relieved of all duty, as required by California Labor Code §§ 226.7 and 512 and Wage Order Nos. 4-2001 and 7-2001, § 11.

94.    As a result of Defendants' failure to afford proper meal periods, Defendants are liable to Plaintiff and the California Class members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code § 226.7 and Wage Order Nos. 4-2001 and 7-2001, § 11.

CLASS AND COLLECTIVE ACTION COMPLAINT

**SIXTH CAUSE OF ACTION**
**California Wage Laws – Business Expenses**
**Cal. Labor Code § 2802; Cal. Wage Order Nos. 4-2001 & 7-2001**
**(Brought by Plaintiff Individually and on Behalf of the California Class)**

95.    Plaintiff realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

96.    California Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

97.    Defendants failed to indemnify and reimburse Plaintiff and the California Class members for necessary expenditures, including but not limited to personal cell phone use, that they incurred as a direct result of the duties they performed for Defendants' benefit and/or at Defendants' direction.

98.    As a result, Plaintiff seeks unreimbursed expenses, penalties, interest, costs incurred, and attorneys' fees pursuant to California Labor Code § 2802(b).

**SEVENTH CAUSE OF ACTION**
**California Wage Laws – Unfair Competition**
**California Business & Professions Code §§ 17200, *et seq*.**
**(Brought by Plaintiff Individually and on Behalf of the California Class)**

99.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

100.    The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL").  The UCL prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

101.    Beginning at a date unknown to Plaintiff, but at least as long ago as four years prior to the filing of the Class and Collective Action Complaint, Defendants committed, and continued to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein.  Defendants' conduct as alleged herein has injured Plaintiff and the California Class members by wrongfully denying them earned wages, and therefore was substantially injurious to them.

15

CLASS AND COLLECTIVE ACTION COMPLAINT

102.    Defendants engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws.  Each of these violations constitutes an independent and separate violation of the UCL:

      a.   FLSA, 29 U.S.C. §§ 201, *et seq.*;

      b.   Cal. Lab. Code §§ 201-204;

      c.   Cal. Lab. Code § 1194;

      d.   Cal. Lab. Code § 226;

      e.   Cal. Lab. Code § 1174;

      f.   Cal. Lab. Code § 510; and

      g.   Cal. Lab. Code § 2802.

103.    Defendants' course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL.  Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

104.    The unlawful and unfair business practices and acts of Defendants, described above, have injured Plaintiff and the California Class members in that they were wrongfully denied the payment of earned overtime wages.

105.    Plaintiff, individually and on behalf of the California Class, seeks recovery of attorneys' fees and costs of this action to be paid by Defendants, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

106.    Plaintiff, individually and on behalf of the California Class, seeks restitution in the amount of the respective unpaid wages earned and due, including for unpaid overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, or 8 hours in a day, and double the regular rate of pay for work performed in excess of 12 hours per day.

CLASS AND COLLECTIVE ACTION COMPLAINT

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the FLSA Collective, requests the following relief:

A.  Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B.  An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

C.  Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices under the FLSA and/or a declaration that Defendants' acts violate the FLSA;

D.  A reasonable service award for Plaintiff to compensate her for the time she spent attempting to recover wages for the FLSA Collective and for the risks she took in doing so;

E.  Costs of the action incurred herein;

F.  Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

G.  Post-judgment interest, as provided by law;

H.  Such other relief as this Court deems necessary, just, and proper.

**WHEREFORE**, Plaintiff on behalf of herself and all California Class members she seeks to represent, requests the following relief:

A.  Certification of this action as a class action on behalf of the California Class;

B.  Designation of Plaintiff as Representative of the California Class she seeks to represent;

C.  Designation of Plaintiff's counsel of record as Class Counsel for the California Class;

D.  Appropriate statutory penalties;

E.  An award of damages, liquidated damages, and restitution to be paid by Defendants according to proof;

CLASS AND COLLECTIVE ACTION COMPLAINT

F.  Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices under the California Wage Laws and/or a declaration that Defendants' acts violate the California Wage Laws;

G.  A reasonable service award to compensate Plaintiff for the time she spent attempting to recover wages for the California Class members and for the risks she took in doing so;

H.  Attorneys' fees and costs of suit;

I.  Prejudgment and post-judgment interest, as provided by law; and

J.  Such other relief as the Court may deem just and proper;

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: San Francisco, California
January 29, 2020

Respectfully submitted,

By:  _/s/ Jahan C. Sagafi_
    Jahan C. Sagafi

Jahan C. Sagafi (Cal. Bar No. 224887)
Molly J. Frandsen (Cal. Bar No. 320094)
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile:  (415) 638-8810
E-Mail: jsagafi@outtengolden.com
E-mail: mfrandsen@outtengolden.com

Melissa L. Stewart (*pro hac vice* forthcoming)
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile:  (646) 509-2060
E-mail: mstewart@outtengolden.com
*Attorneys for Plaintiff and Proposed Class and Collective Members*

18

CLASS AND COLLECTIVE ACTION COMPLAINT